UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GT DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TEMCO METAL PRODUCTS COMPANY,<br><br>Defendant. | No. C04-0451Z<br><br>ORDER |

On July 1, 2005, the Court ruled that Defendant Temco Metal Products Company ("Temco") was entitled to the full measure of its reasonable attorneys' fees, costs, and expenses in this litigation because this case was "exceptional" under 35 U.S.C. § 285. See Order, docket no. 67, at 12. The Court directed Temco to submit a motion for attorneys' fees and supporting declarations documenting its fees and costs in this litigation. Id. at 13. Defendant Temco now moves for an order awarding Temco its reasonable attorneys' fees in the amount of $365,377.00 and costs and expenses in the amount of $59,177.92.

**I.   DISCUSSION**

The methodology used to determine a "reasonable" attorney fee award under 35 U.S.C. § 285 is committed to the Court's sound discretion. Mathis v. Spear, 847 F.2d 749, 754 (Fed. Cir. 1988). In determining an appropriate award of attorney fees, the Court may

ORDER – 1

use the lodestar approach. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Under this approach, the Court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. See id. This lodestar figure may then be increased or decreased based on a variety of factors, such as skill and time required, novelty of the questions involved, fixed or contingent fee basis, results obtained, and/or relationship between attorney and client. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

The reasonable hourly rate is usually determined by reference to the rates charged by lawyers in the same legal community with comparable skills and reputations. See Blum v. Stenson, 465 U.S. 886, 895 (1984). In this matter, the parties do not dispute the reasonableness of the hourly rates sought by Defendant Temco. See Aman Decl., docket no. 71, ¶ 5; see also Plaintiff's Opp., docket no. 74, at 5. Pursuant to the agreement of the parties, the Court finds that the hourly rates charged by Defendant's attorneys were reasonable.

The parties disagree as to the reasonableness of the hours spent by Defendant's attorneys.

**A.   Attorneys' Fees**

Where the prevailing party "has obtained excellent results, his attorney should recover a fully compensatory fee, which will normally encompass all hours reasonably expended on the litigation." Mathis, 847 F.2d at 755. The Defendant argues that under the circumstances of this case, a fully compensatory award of fees is justified, and asks the Court to award the presumptive lodestar amount as reasonable attorneys' fees. Defendant claims that Plaintiff has conceded that its own attorneys' fees during the same period "were as much as double" those sought by Defendant Temco. See Aman Decl., docket no. 71, ¶ 4. Plaintiff does not dispute this alleged admission.

ORDER − 2

1    Rather, Plaintiff argues that because the Court concluded that this lawsuit was
2 "baseless," see Order, docket no. 67, at 12, the Defendant could have moved for an early
3 summary judgment and avoided most of its fees and costs in this litigation.  This argument
4 has little merit.  Early motions for summary judgment in patent cases are generally
5 disfavored where they prematurely raise issues of claim construction.  This Court's standard
6 patent scheduling order – used in this case – specifically instructs parties that early summary
7 judgment motions which raises issues of claim construction will not be considered "unless
8 special circumstances warrant and leave of Court is obtained in advance of the filing."  See
9 Stipulated Scheduling Order, docket no. 30, at 5.  Plaintiff's argument is particularly
10 unavailing in light of its refusal to identify infringed claims, see Supp. Aman Decl., docket
11 no. 76, at ¶ 8, or to provide a claim construction chart, early in this litigation.  Id.  Defendant
12 could not have moved for summary judgment because it did not know which claims it was
13 accused of infringing.  The Defendant acted reasonably and its actions should not be
14 penalized.

15    In addition to the dispute over the fees of Defendant's primary counsel, Tonkon Torp,
16 the parties dispute whether Defendant is entitled to recover attorneys' fees for Chernoff
17 Vilhauer, which was engaged for limited litigation related services, and Keller Rohrback,
18 engaged as local counsel.  See Aman Decl., docket no. 71, Ex. 6, 7.  Plaintiffs argue that
19 Defendant should not recover attorneys' fees for Chernoff Vilhauer, which was retained by
20 Defendant "to assist [counsel] on various patent law matters."  See Defendant's Motion,
21 docket no. 69, at 3.  The Defendant retained Chernoff Vilhauer to "to assist its trial counsel,
22 Tonkon Torp LLP, in the defense of this action."  Bosch Decl., docket no. 36, at ¶ 3.
23 Plaintiff argues that Chernoff Vilhauer's work was "redundant of work completed by Tonkon
24 Torp"; however, this is speculation.  The fact that Defendant chose to assign a limited
25 number of tasks to separate trial counsel does not mean the work was redundant.  However,
26 Defendant did not produce itemized descriptive billings for Chernoff Vilhauer beyond a

ORDER  –  3

summary page, with a listing by attorney, showing that 67.6 hours were billed at $18,108. See Aman Decl., docket no. 71, Ex. 6. Without the itemized billings with descriptions, the Court has no way of knowing whether the costs were reasonably incurred. Thus, the Chernoff Vilhauer fees are excluded from recovery as reasonable attorneys' fees.

However, the use of local counsel in this case appears to have been reasonably undertaken. A review of the Keller Rohrback billings indicates that Defendant Temco made reasonable use of local counsel, at reasonable cost. See Aman Decl., docket no. 71, Ex. 7. The Court has also reviewed the billings of Tonkon Torp and finds those fees were reasonably incurred. Defendant was successful in motions practice before the Court, its attorneys' fees are reasonable, and it is therefore entitled to "fully compensatory fee." See Mathis, 847 F.2d at 755. Defendant is entitled to recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in the amount of $351,769.[1] See Aman Decl., docket no. 71, at ¶ 16 ($348,676.50), ¶ 26 ($4,592.50); Supp. Aman Decl., docket no. 76, ¶ 20 ($3,500).

**B.    Costs**

The Federal Rules of Civil Procedure dictate that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). A court must limit such an award of costs to those defined in 28 U.S.C. § 1920 "absent explicit statutory or contractual authorization to the contrary." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The parties dispute whether Defendant Temco may recover costs in excess of those allowed by 28 U.S.C. § 1920. Section 285 does not include shifting of expert fees. Amsted Indus. v. Buckeye Steel Castings Co., 23 F.3d 374, 379 (1994). Amsted Industries did contemplate expert witness fee awards under the court's inherent authority if a case "goes sufficiently beyond 'exceptional' within the meaning of section 285 to justify an award of expert fees as a

---

[1] Pursuant to the Court's Order of March 25, 2005, docket no. 40, the total amount due Defendant Temco is reduced by $5,000 for amounts previously reimbursed by Plaintiff GT Development Corporation ("GT").

ORDER – 4

sanction under the court's inherent power." 23 F.3d at 379. The Court declines to find this case exceeds "exceptional" and warrants expert fees as a sanction. However, the Federal Circuit has been clear that 35 U.S.C. § 285 permits expenses beyond those enumerated in § 1920. Maxwell v. Angel-Etts of Cal., 53 Fed. Appx. 561, 569 (Fed. Cir. 2002) (citing Central Soya v. Geo. A. Hormel & Co., 723 F.2d 1573 (Fed. Cir. 1983) ("[W]e explicitly interpreted 'attorney fees' under § 285 to 'include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit,' and awarded expenses in addition to attorney fees.")); see also Eli Lilly & Co. v. Zenith Goldline Pharms., Inc., 264 F. Supp. 2d 753, 779-84 (S.D. Ind. 2003) (allowing recovery of postage, fax, photocopy, electronic research, telephone, court reporter, travel, and exemplification costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1920).

Defendant Temco seeks to recover photocopying costs of $3,230.84. See Aman Decl., docket no. 71, ¶ 36. Taxing photocopies is allowed where the papers were necessarily obtained for use in the case. Haggen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990). Plaintiff does not dispute the Defendant's assertion that these charges were necessarily incurred for use in the case, see Aman Decl., docket no. 71, Ex. 15, and the Court will allow $3,230.84 in photocopying costs.

Defendant Temco seeks to recover deposition costs of $13,649.95. See Aman Decl., docket no. 71, ¶ 33. The costs of deposition transcripts are allowed on the expectation that the depositions were reasonably taken for use in the proceeding. Eli Lilly, 265 F. Supp. 2d at 780. Plaintiff does not object to the reasonableness of these costs and the Court will allow $13,649.95 in deposition costs.

Defendant Temco seeks travel costs of $4,267.71. See Aman Decl., docket no. 71, ¶ 35. Defendant contends these costs were reasonably incurred for deposition and motions related travel. Defendant Temco seeks process service fees of $559.50 and witness fees of $81. See Aman Decl., docket no. 71, ¶ 34. Plaintiff does not dispute the reasonableness of

ORDER – 5

these costs. Defendant Temco seeks electronic research costs of $912.21. See Aman Decl., docket no. 71, ¶ 37. Plaintiff does not dispute the reasonableness of these costs. Defendant Temco seeks messenger costs of $356.02 and miscellaneous costs of $811.65. See Aman Decl., docket no. 71, Ex. 17. Plaintiff does not dispute the reasonableness of these costs.

Plaintiff objects that these costs are not recoverable under § 1920 but does not address Federal Circuit precedent which holds that these expenses are recoverable under § 285. The Court allows Plaintiff its reasonable costs of $13,649.95 (deposition costs), $559.50 (service), $81 (witness), $4,267.71 (travel), $3,230.84 (photocopying), $912.21 (electronic research); $356.02 (messenger); $811.65 (miscellaneous); and $50 (fee of the clerk).

## II. CONCLUSION

For the reasons stated in this Order, the Defendant's Supplemental Motion for Attorneys' Fees and Costs, docket no. 69, is GRANTED IN PART, as set forth in this Order. Defendant is entitled to recover reasonable attorneys' fees of $351,769 and reasonable costs of $23,918.88.

IT IS SO ORDERED.

DATED this 31st day of August, 2005.

Thomas S. Zilly
United States District Judge

ORDER – 6